IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHONTE LAQUAEL TAYLOR**                                                                           **PLAINTIFF**

v.                                                 **Case No. 4:24-cv-00353-LPR**

**LEE FLOYD TOWNSEND, JR.;**
**ESTATE OF LEE FLOYD TOWNSEND, JR.;**
**and KENYATTA TAMIKA HARRIS-TOWNSEND**                                   **DEFENDANTS**

**ORDER**

On April 23, 2024, Plaintiff Shonte Taylor filed this *pro se* action and sought leave to proceed *in forma pauperis*.[1] Because she reports no income and three dependents, her IFP motion is GRANTED.[2] The Court must screen Ms. Taylor's Complaint to determine whether the cause of action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a party immune to such relief.[3] A *pro se* litigant's complaint must be construed liberally.[4] Nonetheless, the complaint must "allege sufficient facts to support the claims advanced."[5] The Court must also have jurisdiction to hear this case.[6]

Federal courts are courts of limited jurisdiction.[7] If the Court lacks subject-matter jurisdiction over a case, then the complaint must be dismissed in its entirety.[8] Generally speaking,

---

[1] Mot. to Proceed *In Forma Pauperis* (Doc. 1); Compl. (Doc. 2).

[2] Mot. to Proceed *In Forma Pauperis* (Doc. 1); *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[3] 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857.

[4] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[5] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[6] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

[7] *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (internal quotation marks omitted).

[8] Fed. R. Civ. P. 12(h)(3).

the Court's subject-matter jurisdiction over a case must be based on either federal question jurisdiction or diversity jurisdiction.[9] This is such an important prerequisite to the exercise of a federal court's power that the Court is required to examine the issue *sua sponte* if the Court has any concern that it might lack jurisdiction over a case.[10]

Ms. Taylor alleges that Defendants are in breach of a contract wherein she agreed to dismiss her paternity and unpaid child support actions against Lee Townsend in exchange for $10,000 and a 2012 Chevy Corvette.[11] It appears that the Court has neither diversity jurisdiction nor federal question jurisdiction over this case.

Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[12] Ms. Taylor does not specify the amount of damages she seeks.[13] But even assuming that her allegations satisfy the amount-in-controversy requirement, the parties are not diverse. Ms. Taylor is an Arkansan, and she states that "the Defendants are also residents of Arkansas[.]"[14] Because complete diversity does not exist, this Court has no diversity jurisdiction.

Further, Ms. Taylor's reliance on 41 U.S.C. § 6503 to establish federal question jurisdiction is misplaced.[15] Although that statue governs breach of contract, it is limited in scope to "contracts made by United States agencies 'for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000.'"[16] Ms. Taylor's allegations arise over a state law

---

[9] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 (federal question) & 1332 (diversity).

[10] *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024).

[11] Compl. (Doc. 2) at 7–8, 21.

[12] 28 U.S.C. § 1332.

[13] Compl. (Doc. 2) at 8.

[14] *Id*. at 1–3, 7. Ms. Taylor provides both Arkansas and Texas addresses for the Defendants.

[15] *Id*. at 7.

[16] *Bowman v. USDA FSIS*, No. 4:18-cv-3169, 2019 WL 462715, at *1 (D. Neb. Feb. 6, 2019) (citing 41 U.S.C. §§

breach of contract claim. Any suggestion that 41 U.S.C. § 6503 applies here is patently frivolous.[17] Ms. Taylor has failed to establish federal question jurisdiction, and the Court thus cannot accept supplemental jurisdiction over her state law claim.[18]

IT IS THEREFORE ORDERED that:

1. Ms. Taylor's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is GRANTED.

2. Ms. Taylor's Complaint (Doc. 2) is DISMISSED without prejudice.

3. Ms. Taylor's Motion to Extend, Motion to Admit Evidence by Electronic Means (Doc. 4) and Application for Entry of Default (Doc. 6) are DENIED as moot.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 9th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

6502, 6503).

[17] *Cf. Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1217–18 (8th Cir. 2023).

[18] 28 U.S.C. § 1367.